UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI RANKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | Case No. 3:23-cv-05785-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 16 |

Tami Rankins sued United Parcel Service, Inc. ("UPS") in California state court, alleging UPS engaged in systemic discrimination, harassment, and wage theft, in violation of California laws. (Dkt. No. 1-1 ¶ 1.)[1] UPS then removed this action to federal court, asserting diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. (Dkt. No. 1.) Now pending before the Court is Plaintiff's motion to remand. (Dkt. No. 16.) Having carefully considered the briefing and determined oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), the Court DENIES Plaintiff's motion. UPS has demonstrated complete diversity between the parties and that the amount in controversy is over $75,000.

**BACKGROUND**

Plaintiff has worked at UPS for over 32 years. (Dkt. No. 1-1 ¶ 23.) She alleges "[f]or more than 5 years, two of her fellow employees have verbally assaulted and threatened her," that this "abuse is still ongoing," and "[m]anagement has failed to intervene." (Dkt. No. 1-1 ¶ 24-25.) Plaintiff brings five claims against UPS: (1) disparate treatment in violation of public policy; (2) harassment based on gender and age, Cal. Gov. Code § 12940(j)-(k); (3) failure to prevent

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

discrimination, Cal. Gov. Code § 12940 *et seq.*; (4) intentional infliction of emotional distress; and (5) breach of contract.

**DISCUSSION**

"For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) (quoting 28 U.S.C. § 1332(a)).  Plaintiff asserts there is not complete diversity between the parties and there is no evidence the amount in controversy exceeds $75,000.

UPS has established complete diversity between the parties.  "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)).  "'[P]rincipal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.*  Plaintiff is a citizen of California for diversity purposes.  (Dkt. No. 1-1 ¶ 10.)  UPS is incorporated in Ohio.  (Dkt. No. 1 ¶ 13.)  UPS's "principal place of business" is in Georgia.  (Dkt. No. 19 at 4.)[2] *See also Kisman v. United Parcel Serv., Inc.*, No. 221CV03164ABEX, 2021 WL 5016903, at *1 (C.D. Cal. Aug. 13, 2021), *motion to certify appeal denied sub nom. Kisman v. United States Parcel Serv., Inc.*, No. 221CV03164ABEX, 2022 WL 20273625 (C.D. Cal. Feb. 10, 2022) ("Defendant UPS is incorporated in Ohio and has its principal place of business in Atlanta, Georgia."); *Argyris v. United Parcel Serv., Inc.*, No. CV0902306DDPRZX, 2009 WL 1652911, at *2 (C.D. Cal. June 11, 2009) (same).  So, the parties are completely diverse.

Defendant has also established the amount in controversy is over $75,000.  Plaintiff does not seek a specific dollar amount in damages in her complaint.  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."

---

[2] While Plaintiff also names Does in the complaint, the citizenship of those "Doe" Defendants "shall be disregarded."  28 U.S.C.A. § 1441 (b)(1).

2

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). UPS, the removing party, asserts in its notice of removal the amount of controversy is well over $75,000. UPS explains Plaintiff's emotional distress claim, (Dkt. No. 1-1 § VII ¶ 1), puts at least $75,000 in controversy because "past awards for emotional distress in discrimination and wrongful termination cases have easily exceeded $75,000." (Dkt. No. 1 ¶ 21 (collecting cases awarding over $75,000 in damages for emotional distress in discrimination and wrongful termination.).) Plaintiff also seeks an award of attorneys' fees, (Dkt. No. 1-1 § VII ¶ 4), and "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq.*, authorizes attorneys' fees for suits alleging employment discrimination and harassment, such as this one. Cal. Gov. Code § 12965(b). So, Plaintiff's request for attorneys' fees is properly considered under the amount in controversy. UPS has demonstrated an attorneys' fee award can exceed $75,000 in employment cases. (Dkt. No. 1 ¶ 23.) Finally, Plaintiff seeks punitive damages, (Dkt. No. 1-1 § VII ¶ 3), which UPS has established can exceed $75,000 in a wrongful termination case. (Dkt. No. 1 ¶ 24 (collecting cases awarding over $75,000 in punitive damages in alleged wrongful termination cases).

        Plaintiff's complaint allegations, on their face, also demonstrate the amount in controversy is more likely than not $75,000. Plaintiff alleges her fellow employees have "verbally assaulted and threatened her" for "more than 5 years." (Dkt. No. 1-1 ¶ 25.) As a result, Plaintiff pleads she "has suffered personal financial harm, including loss of earnings, humiliation, embarrassment, and mental and physical anguish and other employment benefits." (*Id.* ¶ 58.) Further, Plaintiff asserts UPS "discriminated and retaliated against Plaintiff in violation of California law by engaging in and permitting acts that created a hostile work environment." (*Id.* ¶ 83.) Because of UPS's action, Plaintiff states she "suffered deterioration of health; loss of job; and the loss of salary, wages, bonuses, and benefits" (*Id.* ¶ 97.) These allegations, if proven, likely result in compensatory damages of over $75,000—not to mention the punitive damages and attorneys' fees discussed

1  above.

2  Plaintiff argues her complaint "does not exceed $75,000 on its face," citing *Tenderloin Neighborhood Dev. Corp. v. Jones*, 23-cv-04329-LJC, at *2 (N.D. Cal. Sep. 8, 2023), which was partially adopted in *Tenderloin Neighborhood Dev. Corp. v. Jones*, No. 4:23-CV-04329-YGR, 2023 WL 6631716, at *1 (N.D. Cal. Oct. 10, 2023). (Dkt. No. 16 at 8.) But in *Tenderloin*, there was only one state law claim for unlawful detainer, and the plaintiffs only sought $25,000 in damages according to their own complaint. *Tenderloin*, 23-cv-04329-LJC, at *2. In contrast, Plaintiff brings five claims and has not stated she is limiting her request for damages to $75,000 or less.

Because Defendant has established diversity jurisdiction, the Court does not reach the issue of federal question jurisdiction.

## CONCLUSION

For the reasons stated, Plaintiff's motion to remand is DENIED. Plaintiff's request for attorney's fees and costs is also DENIED, as Plaintiff's motion was denied. *See* 28 U.S.C.A. § 1447 (authorizing payment of "just costs and any actual expenses" but only if Plaintiff achieves "[a]n order remanding the case").

This Order disposes of Docket Number: 16.

**IT IS SO ORDERED.**

Dated: December 22, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4