UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI RANKINS,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>  Defendant. | Case No. 23-cv-05785-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 54 |

Tami Rankins sues United Parcel Service, Inc. ("UPS") for the Intentional Infliction of Emotional Distress ("IIED") under California law. (Dkt. No. 45.)[1] Now pending before the Court is UPS's motion to dismiss Ms. Rankins' IIED claim as barred by the statute of limitations. (Dkt. No. 47.) Having carefully considering the parties' written submissions, and having had the benefit of oral argument on June 27, 2024, the Court DENIES Defendant's motion. Ms. Rankins has sufficiently stated an IIED claim, and drawing all reasonable inferences from the allegations in Ms. Rankins' favor, UPS has not established the claim is barred by the statute of limitations as a matter of law.

**SECOND AMENDED COMPLAINT ALLEGATIONS**

Ms. Rankins has worked at UPS since 1989. (Dkt. No. 45 ¶ 28.) "For more than 5 years, two of her fellow employees"—Moses Young and Vince Owens— "have verbally assaulted and threatened her." (*Id.* ¶ 29.) UPS "[m]anagement has failed to intervene and has allowed the action to continue for years." (*Id.* ¶ 30.)

Owens made "various jeers and comments aimed at Rankins during their work" and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

"[m]any of these comments pertained to Rankins' gender." (*Id.* ¶ 33.) On May 10, 2018, Moses Young "threatened to physically beat Rankins as well as insulted her for her weight calling her a 'fat bitch.'" (Dkt. No. 45 ¶ 39.) On the same day, Rankins reported the incident to the "Oakland Hub Steward Ed Haynes and Dave Warren," a manager at UPS. (*Id.* ¶ 41.) However, "[i]ncidents between Rankins" and Owens and Young "did not improve." (*Id.* ¶ 43.)

In November of 2021, "Moses [Young] and Vince [Owens] pointed and shouted at Ms. Rankins, stating that she should have not been in the position" her manager placed her in. (*Id.* ¶ 61.) In December of 2021, "Vince [Owens] and Moses [Young] continued the harassment while pointing at Rankins and stating 'Mirror Mirror on the wall, who's the fattest of them all?' with both proceeding to laugh." (*Id.* ¶ 62.) The next day, Ms. Rankins wrote a complaint email to the Transportation Operations Manager, Rob Gowens, detailing how she had been harassed by Moses Young and Vince Owens "for the last five years." (*Id.* at 30-32.) She explained she had experienced "so many incidents" of harassment that her time at UPS was "like [] having a nightmare everyday." (*Id.* at 31.)

"Despite the repeated attempts of Plaintiff . . ., Defendant[] ha[s] failed to take appropriate corrective action and permit[s] the hostile work environment for Ms. Rankins as a female employee to persist." (*Id.* ¶ 5.) Ms. Rankins requested help from full-time supervisors, part-time supervisors, UPS Managers, UPS Corporate, Site Security, Human Resources, and Teamster Union Representatives from 2017 until 2022. (*Id.* ¶ 124.) Despite "attempt[ing] to make complaints to no less than 25 of Defendant's employees that were in a position to assist Plaintiff," (*Id.* ¶ 123), Rankins continued to be harassed by Owens and Young and UPS "knowingly allowed harassers to continue working in the same proximity as Plaintiff." (*Id.* ¶ 129.) Moreover, UPS "has not provided any support to Plaintiff in regard to any of her grievances or complaints to UPS." (*Id.* ¶ 131.)

Ms. Rankins sought the help of mental health professionals from 2018 to 2022 to mitigate the damage caused by UPS. (*Id.* ¶ 133.) Ms. Rankins' therapist diagnosed Ms. Rankins with sleep disorder and major depression. (*Id.* ¶ 134.) Moreover, because of UPS's actions, Ms. Rankins also suffers high blood pressure, anxiety and worry while at work, and increased weight

1 due to stress.  (*Id*. ¶ 135)

## DISCUSSION

### A. LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).  A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A claim may be dismissed as untimely pursuant to a 12(b)(6) motion "only when the running of the statute [of limitations] is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).  In considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. ANALYSIS

UPS moves to dismiss Ms. Rankins's complaint as barred by the statute of limitations.  California applies a two-year statute of limitations for personal injury actions, including IIED. *See* Cal. Civ. Proc. Code § 335.1; *see also Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 852–53 (2018) ("Intentional infliction of emotional distress has a two-year statute of limitations.").  In California, the statute of limitations is "[a]n affirmative defense," which UPS has the burden to establish. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013).  If Defendant meets its initial burden, then "the burden shifts to" Plaintiff "to demonstrate [her] claims survive based on one or more nonstatutory exceptions to the basic limitations period." *Id.* at 1197.

Generally, "[t]he limitations period . . . runs from the moment a claim accrues." *Id.*  The elements of an IIED claim are: "(1) defendant engaged in extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (2) as a

1   result, plaintiff suffered extreme or severe emotional distress." *Berry v. Frazier*, 90 Cal. App. 5th
2   1258, 1273 (2023), *as modified on denial of reh'g* (May 15, 2023), *review denied* (Aug. 9, 2023).
3   So, the statute of limitations for IIED begins to run "when the plaintiff suffers severe emotional
4   distress as a result of outrageous conduct by the defendant." *Soliman v. CVS RX Servs., Inc.,* 570
5   Fed. App'x 710, 711 (9th Cir. 2014); *see also Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24
6   Cal. App. 5th 825, 853 (2018) ("A cause of action for intentional infliction of emotional distress
7   accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional
8   distress as a result of outrageous conduct on the part of the defendant." (cleaned up)).  Ms.
9   Rankins filed her complaint in state court on August 11, 2023.  (Dkt. No. 1-1 at 2.)  Accordingly,
10  if the IIED claim accrued on or after August 11, 2021, it is not barred by the statute of limitations.

**1. The IIED Claim Accrued More Than Two Years Before the Lawsuit was Filed**

12  Under California law, sexual harassment can satisfy the outrageous behavior element of an
13  IIED claim.  *See Monge v. Superior Court*, 176 Cal. App. 3d 503, 507, 511 (Ct. App. 1986);
14  *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 618 (Ct. App. 1989) ("Given an
15  employee's fundamental, civil right to a discrimination free work environment . . . , by its very
16  nature, sexual harassment in the work place is outrageous conduct as it exceeds all bounds of
17  decency usually tolerated by a decent society.").  In the Second Amended Complaint, Ms. Rankins
18  alleges Defendant's conduct in allowing the co-worker abuse of Ms. Rankins, over a five-year
19  span, was extreme and outrageous.  She asserts Owens and Young consistently made comments
20  pertaining to Rankins' gender and her physical appearance, but UPS took no action to stop such
21  conduct despite Ms. Rankins' repeated complaints and attempts to seek help from management.
22  Such discriminatory and offensive comments can constitute outrageous behavior.  *See Smith v. BP*
23  *Lubricants USA Inc.*, 64 Cal. App. 5th 138, 148 (2021) (permitting an IIED claim based on
24  offensive comments related to race by a manager in the workplace); *Accardi v. Superior Ct.*, 17
25  Cal. App. 4th 341, 352–53 (1993), *as modified on denial of reh'g* (Aug. 20, 1993) (denying a
26  motion to dismiss an IIED claim based on sexual harassment because such harassment is "outside
27  the normal part of the employment environment.").
28  Moreover, Ms. Rankins pleads she suffered emotional distress because of her fellow

employees' conduct and her employer's inaction. Ms. Rankins alleges "[i]n an attempt to mitigate the damage done by Defendant, Ms. Rankins sought the help of mental health Professionals from 2018 to 2022" and she was diagnosed with Major Depression. (Dkt. No. 45 ¶¶ 133-34.) So, Ms. Rankins has alleged the requisite elements of an IIED claim.

However, Ms. Rankins' allegations show her IIED claim accrued before August of 2021. Ms. Rankins pleads Moses Young and Vince Owens began harassing her in September of 2017. (Dkt. No. 45 ¶ 31.) Further, she alleges she suffered severe emotional distress as early as 2018, when she first sought the help of mental health professionals to address the harassment's impact. (*Id.* ¶ 133.) So, Ms. Rankins' claim accrued in 2018—more than two years before she filed this complaint—and is therefore outside the statute of limitations window.

### A. The Continuing Violation Doctrine Applies

The statute of limitations for Ms. Rankins' claim can be tolled by the continuing violation doctrine. California's continuing violation doctrine is an "equitable exception" to the usual running of the statute of limitations. *Aryeh*, 55 Cal. 4th at 1192. It "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Id*. Accordingly, the continuing violation doctrine allows a plaintiff "to seek relief for events outside of the limitations period if a series of violations are related closely enough to constitute a continuing violation, and if one or more of the violations falls within the limitations period." *Parsons v. Alameda Cty. Sheriff Dep't*, No. 14-CV-04674-HSG, 2016 WL 1258590, at *7 (N.D. Cal. Mar. 31, 2016). "For the continuing violation doctrine to apply, a plaintiff must show the defendant engaged in 'a pattern of reasonably frequent and similar acts [that] may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period.'" *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1124 (2020) (quoting *Aryeh*, 55 Cal. 4th at 1198).

Construing all factual allegations in Ms. Rankins' favor, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001), Ms. Rankins alleges sufficiently similar and consistent harassment for the continuing

violation doctrine to apply. "[A] claim for sexual harassment is not time-barred when there are continuous acts of discrimination over a period of time provided that some of those acts fall within the limitations period." *Accardi v. Superior Ct.*, 17 Cal. App. 4th 341, 345 (1993). Ms. Rankins alleges Moses Young and Vince Owens repeatedly and continuously harassed, verbally assaulted, and threatened her for the last five years. (Dkt. No. 45 ¶ 29.) Much of the harassment focused on Ms. Rankins' gender, (*id.* ¶ 33), and some of it occurred within the statute of limitations period. For example, Ms. Rankins alleges on December 14, 2021, Young and Owens pointed at Ms. Rankins and said "Mirror Mirror on the wall, who's the fattest of them all?" then laughed at Ms. Rankins. (*Id.* ¶ 62.) Ms. Rankins asserts UPS "[m]anagement [] failed to intervene and [] allowed the action to continue for years," despite Ms. Rankins making complaints to UPS management, including complaints in late 2021 and 2022. (*Id.* ¶¶ 63-69.) Because some of the alleged sexual harassment and UPS's continued failure to respond occurred within the statute of limitations period, at this early stage in the litigation the Court cannot rule, as a matter of law, Ms. Rankins' IIED claim is barred by the statute of limitations. *See Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338, 1363 (2000) (holding "actions that occurred before the . . . cutoff date for the [statute of limitations] may be relied upon, if they fit the requirements of the continuing violation doctrine for a common law cause of action for IIED.").

Defendant's arguments to the contrary are unavailing. First, Defendant cites *Aryeh,* 55 Cal. 4th at 1198, for the proposition the continuing violation doctrine does not apply when a plaintiff alleges a series of discrete, independently actionable wrongs. But Ms. Rankins does not allege a series of discrete wrongs; instead, she alleges she has been repeatedly harassed by the same two co-workers for the last five years, and UPS consistently failed to take the appropriate corrective action after Ms. Rankins' repeated complaints, including within two years of her filing suit. Accordingly, Ms. Rankins alleges a hostile work environment that extends into the statutory period rather than a discrete series of independent wrongs. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1058 (2005) ("recogniz[ing] that when the requisite showing of a temporally related and continuous course of conduct has been established, it is appropriate to apply the continuing violation doctrine to . . . harassment claims.").

6

1  Next, Defendant cites *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), for the
2  proposition the continuing violation doctrine only applies when a plaintiff does not realize she has
3  a claim until the statutory period, and since Ms. Rankins was aware of the emotional impact of
4  Defendant's conduct by 2018, the continuing violation doctrine cannot make her claims timely.
5  *Morgan* involved a plaintiff alleging he "had experienced a racially hostile work environment" in
6  violation of Title VII of the Civil Rights Act. *Id.* at 104. The United States Supreme Court
7  explained "[h]ostile environment claims are different in kind from discrete acts" because "[t]heir
8  very nature involves repeated conduct." *Id.* at 115. The Court therefore held:

> The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id.* at 117. Indeed, the Court expressly rejected the defendant's argument the continuing violation doctrine only applies if the plaintiff is unaware she has a claim until the statutory period. The Court recited the defendant, as UPS here, "argue[d] that recovery for conduct taking place outside the time period for filing a timely charge should be available only in hostile environment cases where the plaintiff reasonably did not know such conduct was discriminatory or where the discriminatory nature of such conduct is recognized as discriminatory only in light of later events." *Id.* at 117 n.11. But the Court "reject[ed]" that "test," explaining "because the entire hostile work environment encompasses a single unlawful employment practice," the Court did "not hold. . . that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct." *Id.* at 117 n.11 & 117-18. As in *Morgan*, Ms. Rankins alleges a hostile work environment that continued into the statutory period, and therefore, assuming the truth of Ms. Rankins' allegations, the continuing violation doctrine applies to her claim.

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is DENIED. Drawing all

7

reasonable inferences from the allegations in Plaintiff's favor, Ms. Rankins sufficiently alleges Defendant's conduct was extreme and outrageous and Ms. Rankins suffered extreme and severe emotional distress as a result.  Further, the same allegations support a finding of an ongoing hostile work environment and Defendant has not established the continuing violation doctrine does not apply; so, Defendant has not established the claim is time-barred as a matter of law.

This Order disposes of Dkt. No. 47.

**IT IS SO ORDERED.**

Dated: July 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge